IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| RASHAAD FITZGERALD,<br><br>    *Plaintiff,*<br><br> v.<br><br>OFFICER DOLL, *et al,*<br><br>    *Defendants.* | Civil Action No. 2:25-cv-28<br><br>Hon. William S. Stickman IV<br>Hon. Kezia O. L. Taylor |

## <u>ORDER OF COURT</u>

*Pro se* Plaintiff Rashaad Fitzgerald ("Fitzgerald") brought this prisoner civil rights action for events that occurred on July 29, 2024, while he was a pretrial detainee in the Allegheny County Jail. (ECF No. 29). Currently awaiting adjudication by the Court are (1) the Motion to Dismiss Amended Complaint (ECF No. 34) filed by Defendants Sergeant Kozlowski ("Kozlowski"), Officer Hensel ("Hensel"), Captain Estock ("Estock"), and Sergeant Holt ("Holt") and (2) the Motion to Dismiss Amended Complaint (ECF No. 47) filed by Defendants Officer Doll ("Doll") and Officer Gamboa ("Gamboa"). Magistrate Judge Kezia O. L. Taylor issued a Report and Recommendation, recommending that the motion to dismiss filed on behalf of Defendants Kozlowski, Hensel, Estock, and Holt be granted in part and denied in part, and the motion to dismiss filed on behalf of Defendants Doll and Gamboa be granted. (ECF No. 56). The parties were given the opportunity to file objections. (*Id.*). No objections were filed.

AND NOW, this /2 day of March 2026, the Court hereby APOPTS Magistrate Judge Taylor's Report and Recommendation (ECF No. 56) as its Opinion. The Court concurs with Magistrate Judge Taylor's thorough analysis and her legal conclusions. It has independently

1

reached the same legal conclusions for the same reasons expressed in her Report and Recommendation.

IT IS FURTHER ORDERED that the Motion to Dismiss Amended Complaint (ECF No. 34) is GRANTED IN PART and DENIED IN PART as follows:

- The motion is GRANTED as to the Eighth Amendment and PREA claims, and they are DISMISSED WITH PREJUDICE as the Court holds that further amendment would be futile.[1]

- The motion is GRANTED as to the claims against Defendants Kozlowski, Hensel, Estock, and Holt in their official capacities, and they are DISMISSED WITHOUT PREJUDICE with leave to amend.

- The motion is GRANTED as to the Fourteenth Amendment claims against Defendants Kozlowski and Estock, and they are DISMISSED WITH PREJUDICE as the Court finds further amendment would be futile.

- The motion is GRANTED as to the Fourteenth Amendment claims against Defendant Holt, and they are DISMISSED WITHOUT PREJUDICE with leave to amend.

- The motion is DENIED as to the Fourteenth Amendment claims against Defendant Hensel.

---

[1] *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir.1997) (a court may decide to deny leave to amend for reasons such as undue delay, bad faith, dilatory motive, prejudice, and futility); *see also* 3 James Wm. Moore et al., Moore's Federal Practice ¶ 15.15 (3d ed. 2024) ("An amendment is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss."). Fitzgerald has already had one chance to amend, and he cannot overcome his pleading deficiencies for the reasons set forth by Magistrate Judge Taylor in her Amended Report and Recommendation.

IT IS FURTHER ORDERED that the Motion to Dismiss Amended Complaint (ECF No. 47) is GRANTED.  The First Amendment claims against Defendants Doll and Gamboa are DISMISSED WITH PREJUDICE as the Court finds further amendment would be futile.  The conspiracy and official capacity claims against Defendants Doll and Gamboa are DISMISSED WIITHOUT PREJUDICE with leave to amend.

IT IS FINALLY ORDERED that Fitzgerald shall file a Second Amended Complaint in compliance with Federal Rule of Civil Procedure 8 on or before **April 26, 2026**,  and it must: (1) fully and clearly allege each claim he wishes to raise; (2) identify the Defendant(s) against whom the claim is being brought; (3) be a pleading that stands by itself without reference to other filings in this case; and (4) not re-allege claims that have been dismissed with prejudice.

BY THE COURT:

_____
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

3